PER CURIAM. While we think that the questions involved in this case should be reviewed by the court of appeals, there seems to be no occasion for leave from this court in order to enable the appellants to take the case there. Upon the entry of final judgment they can appeal to the court of appeals as matter of right. The mere fact that this procedure will involve some delay does not seem to us sufficient reason for departing from the ordinary practice. Motion denied, without costs.

---

STEELE, Appellant, v. DIETZ, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Edward H. Steele against Howard Dietz. No opinion. Motion to dismiss appeal granted, unless appellant pay $10 costs within five days, in which case motion is denied.

---

STELZNER, Respondent, v. HOFFMAN, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Julius Stelzner against Henry Hoffman. No opinion. Judgment of the municipal court affirmed by default, with costs.

---

STERN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Isaac Stern against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. S. N. Tuckman, for respondent.

PER CURIAM. The evidence for the plaintiff shows a lad six years old, and near the middle of the block he attempted to cross the rails, when the defendant's horse car was approaching from a point four or five houses distant. The boy was struck by one of the horses and injured. The case was submitted to the jury on this proof, a motion to dismiss the complaint having been denied. Conceding the driver negligent, the child was equally so, and the motion to dismiss should have been granted. Judgment reversed, and new trial ordered, with costs to abide event.

---

STEVENS, Appellant, v. SIEGEL–COOPER CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Carrie E. Stevens against the Siegel-Cooper Company. Gantz, Neier & McKennell, for appellant. Rose & Putzel, for respondent.

PER CURIAM. Plaintiff was the owner of a picture called "Christ and the Magdalene." She claims that she hired the picture to defendant to be used by them in decorating their rooms in a food show exhibition, but she admits that no amount of rent was fixed, and that she rendered no bill until a year afterwards. The defendant, through its witnesses, acknowledges that the picture was hung in its rooms, but asserts that the use was voluntarily given it by plaintiff in the expectation that its exhibition under the circumstances might enable her to dispose of it by sale. The picture was seven by nine, and its fair and reasonable market value was stated by plaintiff's expert to be $500. This same witness testified $75 a week was a reasonable rent charge. There was a conflict of evidence upon the question as to whether the picture was hired or voluntarily loaned, and an examination of the testimony warrants the decision reached by the court below. Some exceptions were taken to rulings upon the admission of evidence, and while from a highly technical standpoint such rulings may be open to criticism, still the preponderance of absolutely competent testimony was in defendant's favor. Judgment affirmed, with costs.

---

STEVER v. HUDSON RIVER STONE SUPPLY CO. (Supreme Court, Appellate Division, Third Department. September 18, 1901.) Action by Wallace Stever against the Hudson River Stone Supply Company. No opinion. Motion denied, with $10 costs.

---

STILLSON, Respondent, v. EVANS et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by Robert L. Stillson against Charles E. Evans and others. Howe & Hummel, for appellants. H. L. Maxson, for respondent. No opinion. Judgment affirmed, with costs.

---

STILLWATER & M. ST. RY. CO. v. BOSTON & M. R. R. (Supreme Court, Appellate Division, Third Department. September 18, 1901.) In the matter of the application of the Stillwater & Mechanicville Street Railway Company for the appointment of commissioners, under section 12 of the railroad law, against the Boston & Maine Railroad. No opinion. Reargument of the motion to dismiss appeal ordered to be heard with the argument of the appeal.

---

STREEP, Respondent, v. McLAUGHLIN et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Frank S. Streep against James McLaughlin and others. A. B. Malcolmson (J. A. McCreery, of counsel), for appellants. Howe & Hummel (Nathaniel Cohen, of counsel), for respondent.

PER CURIAM. The judgment is sustained by the weight of evidence. The charge of the judge, we think, was faultless. Evidently, the appellants even so considered it, because, after its delivery, no exception to it was taken by them. Their criticism of it at this time does not appeal to us. We think it fairly and truly stated the law applicable to the case. If it was not full or comprehensive enough to suit appellants, their attorney should have made proper requests to charge, which undoubtedly would have been properly submitted to the jury. Their complaint in that

regard, in our judgment, is now too late to benefit them. After carefully considering the whole record, we think the conclusion of the jury was a just and proper one. Judgment affirmed, with costs and disbursements. Judgment affirmed, with costs.

---

STREEP, Respondent, v. McLAUGHLIN, et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Frank S. Streep against John McLaughlin and others. A. B. Malcolmson, for appellants. Howe & Hummel (Nathaniel Cohen, of counsel), for respondent.

PER CURIAM. The order appealed from, denying motion made by appellants for a new trial upon the ground of newly-discovered evidence, was properly denied. The evidence, so-called newly discovered, was not discovered by defendants until after the trial because of the careless manner in which their case was prepared for trial. The witnesses who had knowledge of these alleged newly-discovered facts were in defendants' employ at the time of the trial, and were present in court during the trial as witnesses for appellants; but owing, as before stated, to the careless manner employed by defendants and their counsel, the evidence now sought to be made use of in their behalf was not disclosed by them, because of their indifference and careless examination of these two witnesses. If we should award defendants a new trial in this case, we should simply be rewarding careless litigants and lawyers, and trials would be never-ending,—a result which we do not desire to see, or careless efforts which we do not desire to reward and encourage. Order appealed from must be affirmed, with costs and disbursements. Order affirmed, with costs.

---

STROMBERG, Respondent, v. AMELIO, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Philip Stromberg against Rose Amelio. Goepel & Wahle, for appellant. E. Rosenthal, for respondent.

PER CURIAM. There is some confusion from the evidence arising from the use of the masculine pronoun in the plaintiff's testimony. This may be from an error of the stenographer. It appeared on the trial that two watches were sold by the plaintiff,—one to the defendant, and another to a third person, which was afterwards returned. There is no evidence that the watch sold to the defendant was ever returned, or the balance due therefor was ever paid. Judgment affirmed, with costs.

---

SULLIVAN et al. Respondents, v. BALDWIN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by John Sullivan and others against Truman H. Baldwin. H. C. Spurr, for appellant. W. K. Griffin, for respondents.

PER CURIAM. This judgment must be reversed. The order for the awning, the price whereof the suit is brought, was given by a Mr. Ratcliff. There is an absence of evidence that Mr. Ratcliff was authorized by the league or any of its officials to make the purchase, and because of that the judgment must be reversed. Where a recovery is sought under the action of an agent of the defendant, there must be some proof of authority to bind his alleged principal. Judgment reversed, and new trial ordered, with costs to abide event.

---

SWEENEY, Respondent, v. SENN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Patrick Sweeney against Jacques Senn. Hamilton & Griffing, for appellant. J. T. Lee, for respondent.

PER CURIAM. There is no negligence shown in the record which produced the loss of the overcoat. There was a course of procedure in the care of the room, established by the defendant as proprietor, and even that procedure is not connected with the loss; and, if it had appeared to have been, the plaintiff had long acquiesced in the care of the room and the management of the key, and was himself negligent. Judgment reversed, and new trial ordered, with costs to abide event.

---

SWIFT et al., Respondents, v. STRONG, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Edwin C. Swift and another against William A. Strong, as executor, etc. No opinion. Judgment affirmed, with costs.

---

In re THURBER'S ESTATE. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) In the matter of the estate of Edmund G. Thurber, an incompetent person. No opinion. Form of order settled, and order signed.

---

TOWN OF WEST UNION, Respondent, v. RICHEY, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by the town of West Union against Mortimer Richey. No opinion. Action for reargument denied, with $10 costs. Motion for leave to appeal to the court of appeals granted. Order to be settled by and before Mr. Justice SPRING upon two days' notice.

---

In re TRINITY AVE. (three cases). (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of Trinity avenue. No opinion. Motion denied.

---

TRUSTY, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Julia Trusty against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. F. D. Tansley, for respondent.